515 A.2d 367

Keystone Water Company, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued May 15, 1986, before Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Michael D. Klein,* for petitioner.

*Richard A. Cohn,* Assistant Counsel, with him, *Louise A. Knight,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

*Stephen G. Baratta,* for intervenors, Prospero and Elvira Casciano.

OPINION BY JUDGE BARRY, September 25, 1986:

Prospero and Elvira Casciano have been customers of the Keystone Water Company (Keystone) for more than twenty-five years. Because the street where their home is located (Maple Street) does not have a water main, they have been getting their water through a

private one-inch service line which runs from Keystone's eight-inch main, located on the street parallel to Maple (Roseto Street), to the Casciano home through the private property of their neighbor. In May of 1984, the portion of this private line which is located under the neighbor's property developed a severe leak. Exercising his right under a terminable lease, the neighbor refused the Cascianos permission to enter his property in order to repair the pipe.

At this point the Cascianos proposed to run at their own expense a new one inch private line along the public road from Roseto Street to their home. Without crossing any private property the line would run approximately 320 feet and its estimated cost would be $6,818.00. Keystone rejected this proposal because it violated 52 Pa. Code §65.17(b), which requires that an extension main must be at least six inches in diameter. Keystone also maintained that under its Tariff Rule No. 17 the Cascianos were required to bear the cost of all the extension with the exception of the first thirty-five feet (approximately $10,339.00). On March 7, 1985, the Administrative Law Judge (ALJ) issued a decision finding §65.17(b) and Tariff Rule No. 17 inapplicable to the Cascianos and approving their original proposal to install a new one-inch service line. Keystone appealed to the PUC which modified the ALJ's decision by ordering the construction of a new six-inch main extension along the proposed route with the costs to be equitably shared between the Cascianos and Keystone. It is this second part of the PUC order which is the subject of the appeal presently before us.

In reviewing a PUC order this Court must determine whether the findings, order, or determination are supported by substantial evidence, an error of law was committed, or constitutional rights were violated. *Public Utility Commission v. Blanchette*, 21 Pa. Com-

monwealth Ct. 329, 345 A.2d 787 (1975). In this appeal we must determine whether the PUC erred in ordering Keystone to pay a portion of the costs involved in extending service to the Cascianos. More specifically, the order provides that the Cascianos pay the same amount it would have cost to install a one-inch service line (approximately $6,818.00) and Keystone bear the remaining cost (approximately $4,721.00).

Keystone maintains that this portion of the order is incorrect because it is contrary to its regulations which provide as follows:

(A) The Company will extend existing distribution mains a distance of thirty-five feet (35′) for each bona fide prospective customer making application for water service therefrom for a period of one (1) year or more under these Rules and Regulations. Such extensions will be made without cost to such customer(s).

(B) When an extension, greater than thirty five feet (35′) in length for each bona fide prospective customer is required or requested, such extension will be made under the terms of an 'Extension Deposit Agreement,' as hereinafter set forth. . . .

. . . .

(D) For the purpose of this rule:

'Bona fide prospective customer' shall mean any owner or lessee who is or will be the occupant of an existing developed premise [sic] having a curb line abutting on that part of a street or public highway in which there is, or is to be, located a distribution main of the company, who shall file a signed application for a new street service connection to such premises and for water service to begin immediately following installation for the street service connection.

(Tariff Rule No. 17, Section 23.1(A), (B), and (D)). The PUC, on the other hand, argues that these regulations cannot be applied to the present situation because they would subject the Cascianos to unreasonable prejudice and disadvantage.[1] We agree.

Section 1502 of the Public Utility Code (Code), 66 Pa. C. S. §1502, provides as follows:

> No public utility shall, as to service, make or grant any unreasonable preference or advantage to any person, corporation, or municipal corporation, or subject any person, corporation, or municipal corporation to any unreasonable prejudice or disadvantage. No public utility shall establish or maintain any unreasonable difference as to service, either as between localities or as between classes of service, but this section does not prohibit the establishment of reasonable classifications of service.

The PUC points out that many of the Cascianos' neighbors are still receiving service through private one-inch service lines which run across private property. Keystone's policy is to allow these people to continue using the non-complying lines for as long as they can be maintained in a serviceable condition. Because the Cascianos happened to be the first to need an entirely new service line they will be responsible for extending the water main from Roseto Street to Maple Street. Once they have done that, however, any other neighbor whose private line becomes unserviceable will only need to tap into the Cascianos' line in order to obtain new service. The Cascianos' extension no doubt will be used in the future by many of their neighbors thereby benefit-

---

[1] The PUC also argues that these regulations are inapplicable because the Cascianos cannot be classified as *bona fide* prospective customers. However, in view of our disposition of this case, we need not reach this issue.

ting both the neighbors and Keystone. It would, therefore, be unreasonable to have the Cascianos bear the entire cost of this project simply because they happened to be unfortunate enough to be the first customers whose private line failed.

The interpretation given a statute by the agency charged with its execution and application is entitled to great weight and should be disregarded or overturned only if such construction is clearly erroneous. *Cohen v. Public Utility Commission*, 90 Pa. Commonwealth Ct. 98, 494 A.2d 58 (1985). After carefully reviewing the record we find no error in the PUC's determination that §1502 of the Code prohibits the application of Keystone's regulations to the instant case.

Affirmed.

## ORDER

Now, September 25, 1986, the order of the Pennsylvania Public Utility Commission, dated July 11, 1985, at No. C-844200, is affirmed.